UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAFFORD BROADNAX,<br><br>　　Plaintiff<br><br>v.<br><br>LYFT, INC., et al.,<br><br>　　Defendants | Case No.: 2:25-cv-00190-APG-BNW<br><br>**Order (1) Granting Motion to Compel Arbitration, (2) Granting Motion to Stay Case, and (3) Denying all Other Motions** |

　　Rafford Broadnax became a driver for Lyft by creating a driver account through the Lyft Driver App. ECF Nos. 1-1 at 8-9; 8 at 3. In doing so, he agreed to the Lyft Terms of Service, which included an arbitration clause. ECF Nos. 8 at 3-6; 8-1 at 32-41. Lyft later deactivated Broadnax's driver account. ECF No. 1-1 at 12. Broadnax then filed this lawsuit claiming the deactivation of his account was discriminatory and that he was subject to "employee misclassification," discrimination, retaliation, and a host of improper actions by Lyft. ECF No. 1-1. Lyft moves to compel arbitration of Broadnax's claims based on the arbitration clause in the Lyft Terms of Service. ECF No. 8. Because Broadnax agreed to arbitrate his claims, I grant the motion to compel arbitration and stay this case until completion of that process.

　　Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. On a motion to compel arbitration, the Federal Arbitration Act (FAA) limits the district court's role to determining (1) whether a valid arbitration agreement exists and (2) whether the dispute at issue is covered by the agreement. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir.

2014).  I do not consider the merits of the underlying dispute. *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

      Broadnax agrees that he and Lyft entered into a valid contract, the terms of which "were established through the Lyft Driver App . . . ." ECF No. 1-1 at 8-9 (Complaint ¶ 38).  In his opposition to the motion, Broadnax tries to avoid being bound by the arbitration clause in the Lyft Terms of Service by claiming that he never physically signed or received the Terms of Service, arbitration clause, and other related agreements. ECF No. 11 at 1-2.  But Broadnax attached a copy of the Lyft Terms of Service to a prior motion he filed, confirming he had a copy. ECF No. 5 at 20-64.  And neither Nevada nor federal law requires a physical (i.e., ink) signature on a contract to make it valid.  Rather, electronic signatures are acceptable. *See* 15 U.S.C. § 7001(a); Nev. Rev. Stat. § 719.240.

      Broadnax also contends that he is exempt from the FAA because he is a "transportation worker." ECF No. 11 at 2.  But the Ninth Circuit has held that rideshare drivers like Broadnax, "as a nationwide class of workers, are not engaged in foreign or interstate commerce and are therefore not exempt from arbitration under the FAA." *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 863 (9th Cir. 2021) (simplified); s*ee also Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 916 (N.D. Cal. 2020) (holding that Lyft drivers are not engaged in interstate commerce).

      Broadnax next requests that I "review the Arbitration Clause to make a determination if the clause is Unconscionable." ECF No. 11 at 2.  He does not point to any provision or procedure that he contends may be unconscionable, and it is not my job to make his argument for him.  Nevertheless, even a cursory review of the arbitration clause confirms that it is well-labeled, easy to see, bolded and in capital letters, mutual, and contains an opt-out provision.  Broadnax has not

met his burden of showing it is unconscionable. The arbitration agreement is valid and enforceable.

Whether Broadnax's claims are covered by the agreement is a question delegated to the arbitrator. Specifically, the arbitration clause delegates to the arbitrator "[a]ll disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement) . . . ." ECF No. 8-1 at 33. The arbitration must be conducted under the American Arbitration Association (AAA)'s Consumer Arbitration Rules. ECF No. 8-1 at 35. Those rules also delegate questions of scope and coverage to the arbitrator. The Ninth Circuit has held that "incorporation of the AAA rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (simplified). Thus, it is for the arbitrator to determine whether Broadnax's claims fall within the scope of the arbitration agreement.[1]

Given that there is a valid arbitration agreement that appears to govern all of Broadnax's claims, I must stay this case pending completion of the arbitration proceeding. 9 U.S.C. § 3. And therefore all other motions pending in this case are denied as moot, without prejudice to reassert them if necessary after the stay is lifted.

---

[1] But even if I were to decide this question, I would find that Broadnax's claims are covered by the arbitration clause. The arbitration clause covers "ALL DISPUTES AND CLAIMS BETWEEN" Broadnax and Lyft, including Broadnax's "relationship with Lyft, the threatened or actual suspension, deactivation or termination of [his] User Account, . . . payments made or allegedly owed to [him, and] wrongful termination . . . ." ECF No. 8-1 at 33 (capitalization in original). Broadnax asserts claims for "employee misclassification," unjust enrichment, breach of contract, negligence, estoppel, discrimination, retaliation, and misrepresentation. ECF No. 1-1. All of these claims arise from his work as a driver with Lyft. *Id.* at 1. Thus, I would find all of Broadnax's claims are subject to arbitration.

I THEREFORE ORDER that Lyft's motion to compel arbitration (ECF No. 8) and motion to stay (ECF No. 10) are granted.

I FURTHER ORDER that all other pending motions (ECF Nos. 6, 21, 25, 38, 39, 40, 47, 50, 52, 53, 54, 56, 57, 60, 62, 65, 73, 74, 80) are denied without prejudice.

I FURTHER ORDER that this case is stayed pending completion of arbitration. The parties must file a status report by the earlier of March 31, 2026 or 30 days after completion of the arbitration.

DATED this 8th day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE