KIRSTEN A. MILTON, ESQ.
Nevada Bar No. 14401
AMANDA PATANAPHAN, ESQ.
Nevada Bar No. 15080
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: kirsten.milton@jacksonlewis.com
Email: amanda.patanaphan@jacksonlewis.com

*Attorneys for Defendant*
*Lyft, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAFFORD BROADNAX, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC., a Delaware Company; et al.,<br><br>Defendants. | Case No. 2:25-cv-00190-APG-BNW<br><br>ORDER GRANTING **DEFENDANT LYFT, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO:**<br><br>**(1) PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE [ECF NO. 103] [ECF NO. 106];**<br><br>**(2) PLAINTIFF'S RESPONSE TO DEFENDANT'S ATTORNEY MOTION FOR SANCTIONS [ECF NO. 105] [ECF NO. 109]; AND**<br><br>**(3) PLAINTIFF'S MOTION TO STAY INTERLOCUTORY ORDER ECF NO. 81 COMPELLING PLAINTIFF TO ARBITRATION UNTIL DECISION FROM CHIEF JUDGE ANDREW P. GORDON HAS BEEN GIVEN [ECF NO. 108]**<br><br>**(FIRST REQUEST)** |

Defendant Lyft, Inc. ("Defendant"), by and through its counsel, Jackson Lewis P.C., hereby submits the instant Motion for Extension of Time to Respond to Plaintiff's Responses to Defendant's Motion to Strike and Motion for Sanctions, and to Respond to Plaintiff's Motion to

Stay Interlocutory Order ECF No. 81 Compelling Plaintiff to Arbitration Until Decision from Chief Judge Andrew P. Gordon Has Been Given (collectively the "Motion"). This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

This matter is currently stayed pending completion of arbitration. *See* ECF Nos. 81 and 95. Nevertheless, Plaintiff Rafford Broadnax ("Plaintiff") continues to file motions flouting the stay order. Plaintiff has engaged in appalling behavior toward Defendant and members of this Court, filing motions for sanctions, motions to disqualify judges, and motions to amend the caption of pleadings, at the cost of time and resources of this Court and Defendant. Shortly after this Court issued its Order (1) Denying Motion to Vacate Order and (2) Denying Other Motions [ECF No. 95] on November 13, 2025, which reinforced the stay pending completion of arbitration, Plaintiff continues to file motions and other filings before this Court, which includes Plaintiff's instant Motion to Stay the Order Compelling Arbitration. Defendant's Replies in Support of its Motion to Strike and for Sanctions are due this Friday, December 19, 2025, and the Response to Plaintiff's latest motion is due on December 26, 2025.

Defendant now seeks an extension to prepare an appropriate response to Plaintiff's filings. There are multiple reasons for this request. One is due to the upcoming Christmas and New Year holidays, which make it difficult to facilitate communications with counsel regarding any draft revisions of motions. Given the current stay order in place, Defendant wants to be careful about the filings placed before this Court, which may require additional consultation prior to submission. Additionally, for judicial economy, Defendant also believes the replies and the response should be submitted at the same time. Defendant believes that all of these ends can be achieved with an extension to file **to Friday, January 9, 2026.**

**II.     LEGAL ARGUMENT**

FRCP 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a

JACKSON LEWIS P.C.
LAS VEGAS

2

request is made, before the original time or its extension expires . . . ." "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)) (internal quotations omitted).

Here, Defendant believes its request is reasonable and that good cause exists to extend the deadline for Defendant to respond to ECF Nos. 106, 108, and 109, due to both the intervening Christmas and New Year holidays, extra consideration given the stay order in place, and judicial economy. *See Lomax v. Hutchings*, No. 2:23-cv-01284-CDS-EJY, 2025 U.S. Dist. LEXIS 111282, at *1 (D. Nev. June 6, 2025) (granting defendants' motion to extend deadline to file their motion for summary judgment where defendants' counsel had obligations in other matters that prevented him from meeting the dispositive motion deadline); *Michaud v. Baker*, No. 3:17-cv-00718-MMD-CBC, 2019 U.S. Dist. LEXIS 53069, at *2 (D. Nev. Mar. 19, 2019) (citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962) (explaining that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline). Defendant makes such requests in good faith and not for the purpose of delay.

Defendant wants to ensure that all information is utilized and encapsulated in its response(s) prior to filing. Moreover, Defendant brings the instant motion before the deadline to respond has expired and thus within the requirements of FRCP 6(b)(1). *See Ahanchian v. Xenon Pictures, Inc.*,

624 F.3d 1253, 1259 (9th Cir. 2010) (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party).

Considering the circumstances detailed above, Defendant submits that its request for an extension up to and including **January 9, 2026** is reasonable. This is the first request from Defendant for an extension of time to respond to ECF 106, 108, and 109, and Defendant makes such request in good faith and not for the purpose of delay.

Accordingly, good cause exists to grant Defendant's Motion and allow Defendant up to and including January 9, 2026 to respond to ECF Nos. 106, 108, and 109.

Dated this 18th day of December, 2025.

JACKSON LEWIS P.C.

*/s/ Amanda Patanaphan*
Amanda Patanaphan, Bar No. 15080
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*

IT IS SO ORDERED:

Dated: December 19, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE