# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAFFORD BROADNAX,<br><br>        Plaintiff<br><br>v.<br><br>LYFT, INC.,<br><br>        Defendant | Case No.: 2:25-cv-00190-APG-BNW<br><br>**Order (1) Denying Plaintiff's Motions Related to Defaults; (2) Denying as Moot Lyft's Motion to Extend Time to Respond to Motion for Status Conference; (3) Denying Plaintiff's Motions for Reconsideration, a Stay, and Related Motions; (4) Denying as Moot the Parties' Motions to Strike; (5) Overruling Plaintiff's Objections; (6) Denying Lyft's Motion for Sanctions; and (7) Granting Lyft's Motions to Extend Time**<br><br>[ECF Nos. 96-99, 103, 105, 108, 115, 117, 126, 127, 133, 140, 143, 145, 149, 150, 152] |

Plaintiff Rafford Broadnax moves to stay and for reconsideration of my order compelling arbitration in this matter.  I deny his motions to stay and reconsider, and I address several other motions the parties have filed.

**I.  I deny Broadnax's motions related to defaults because Lyft has not defaulted in this action.**

Broadnax has filed several motions seeking entry of clerk's default because Lyft did not respond to particular motions or reply to Broadnax's opposition to a particular motion. Broadnax misunderstands the rules surrounding a default in the case versus failing to respond to a motion.  Under Federal Rule of Civil Procedure 55, a party can move for a clerk's entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  But Lyft has appeared and defended itself in this action, so this rule does not apply.

Local Rule 7-2(d) governs a party's failure to respond to a particular motion. Under that rule, the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Thus, if Lyft failed to respond to a motion, the consequence is that the court may deem that that nonresponse as consent to the motion being granted. But it is not a default of the entire case. Finally, there is no requirement that a party file a reply brief to its own motion. So failing to do so is neither a default nor a consent to the denial of the motion.

As a result, I deny Broadnax's motions for entry of clerk's default (ECF Nos. 117, 140, 149), his objection to Magistrate Judge Weksler's order (ECF No. 133) to the extent his objection relates to Rule 55, and his motion for a status conference regarding Lyft's failure to respond to his application for entry of clerk's default (ECF No. 145). Now that I have explained the rules to Broadnax, I do not expect to see another motion for default filed in this case. I deny as moot Lyft's motion to extend time to respond to Broadnax's request for a status conference (ECF No. 152).

**II.  I deny Broadnax's motion for reconsideration, his motion to stay my prior order compelling arbitration, and the parties' motions to strike.**

I previously granted Lyft's motion to compel arbitration. ECF No. 81. In doing so, I rejected Broadnax's contention that he is exempt from the Federal Arbitration Act (FAA) because is a transportation worker. *Id.* at 2. Broadnax moved for reconsideration once before, and I rejected that motion. ECF No. 95. Broadnax again moves for reconsideration. I again deny his motion. As I have previously explained to Broadnax, this case is governed by *Capriole v. Uber Technologies, Inc.*, which held that rideshare drivers "as a class of workers do not fall

within the 'interstate commerce' exemption from [Section 1 of] the FAA." 7 F.4th 854, 861 (9th Cir. 2021).

Broadnax directs my attention to a statement made by defendant Uber Technologies, Inc.'s counsel in another one of Broadnax's cases that Broadnax's "contractual relationship with Uber implicates interstate commerce." *Broadnax v. Uber Tech., Inc.*, 2:25-cv-00113-JAD-MDC, ECF No. 71 at 7 (D. Nev. Nov. 7, 2025). Broadnax asserts this statement shows that he is a worker "engaged in foreign or interstate commerce" and thus exempt from FAA coverage under Section 1 of the FAA. But the Ninth Circuit addressed that issue in *Capriole*. There, the court stated that "the plain meaning of the words 'engaged in commerce' in Section 1 [of the FAA] is narrower than the more open-ended formulations 'affecting commerce' and 'involving commerce.'" *Capriole*, 7 F.4th at 861 (simplified). The Supreme Court has made this same distinction, stating that the words "engaged in commerce" in Section 1 of the FAA must be given a "narrow construction" compared to the language of a "transaction involving commerce" in Section 2 of the FAA. *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 112, 114-15, 118-19 (2001). A contract "evidencing a transaction involving commerce" under Section 2 does not necessarily involve a worker who is "engaged in foreign or interstate commerce" under Section 1. *Id.*; 9 U.S.C. §§ 1-2. Thus, a rideshare driver can both be a party to a contract that evidences a transaction involving commerce subject to the FAA under Section 2, but not a worker engaged in foreign or interstate commerce who would be exempt from the FAA's coverage under Section 1.

I have considered Broadnax's other arguments, and I see no reason to reconsider my prior ruling as it conforms with controlling law. His arguments about whether his contract with Lyft violates Nevada law regarding limited payment collection agents is a matter for the arbitrator. *See* ECF No. 8-1 at 33. I therefore deny Broadnax's motion for reconsideration (ECF No. 96)

and his various related motions for judicial notice or to supplement (ECF Nos. 97, 127, 143, 150).  Because I am not reconsidering my order compelling arbitration, I deny Broadnax's motion to stay that order (ECF No. 108).  I deny as moot Lyft's motion to strike all of Broadnax's post-stay filings including the motion for reconsideration (ECF No. 103).  And I deny as moot Broadnax's motion to strike (ECF No. 126).

**III.  I overrule Broadnax's objections to Magistrate Judge Weksler's order.**

Magistrate Judge Weksler denied without prejudice several motions Broadnax had filed because this case is stayed pending arbitration. ECF No. 131.  Broadnax objects, arguing that the motions are relevant to his requests for entry of default, and denying them impacts his rights to due process and access to the courts.  I have already addressed the issues around his requests for defaults.  As for his other objections, I see no basis to overrule Judge Weksler's order.  She did not deny his motion for reconsideration, so she did not deny him access to the court.  I therefore overrule Broadnax's objections (ECF No. 133).

**IV.  I deny Lyft's motion for sanctions**.

Lyft requests case-terminating sanctions and a grant of fees and costs for time it expended responding to Broadnax's numerous motions filed after I stayed the case pending arbitration.  Lyft requests I exercise my inherent power to sanction Broadnax for vexatious filings following my stay order.  Broadnax responds that he has a right to seek reconsideration.

I have inherent power to sanction "(1) a willful violation of a court order; or (2) bad faith" conduct. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (stating that a court's "inherent power extends to a full range of litigation abuses").  Before issuing case-terminating sanctions, I must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024) (simplified). "Only willfulness, bad faith, and fault justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotation omitted).

I deny Lyft's request for case dispositive sanctions or for fees and costs (ECF No. 105) because I do not find (at this point) bad faith or intentionally vexatious conduct. Much of Broadnax's behavior appears to stem from his status as a pro se litigant who is not familiar with the rules. Now that I have explained the rules and have denied his second motion for reconsideration, I do not expect him to file serial motions for default or another motion for reconsideration with repeated motions to supplement. I reiterate to Broadnax that this case is stayed pending arbitration.

**V.  Conclusion**

I THEREFORE ORDER that plaintiff Rafford Broadnax's motions for entry of clerk's default **(ECF Nos. 117, 140, 149)** and his motion for a status conference regarding defendant Lyft, Inc.'s failure to respond to his application for entry of clerk's default **(ECF No. 145) are DENIED**.

I FURTHER ORDER that defendant Lyft, Inc.'s motion to extend time to respond to Broadnax's request for a status conference **(ECF No. 152) is DENIED as moot**.

I FURTHER ORDER that plaintiff Rafford Broadnax's motions for reconsideration **(ECF No. 96)**, to stay **(ECF No. 108)**, and related motions **(ECF Nos. 97, 127, 143, 150) are DENIED.**

I FURTHER ORDER that defendant Lyft, Inc.'s motion to strike **(ECF No. 103) is DENIED as moot**.

I FURTHER ORDER that plaintiff Rafford Broadnax's motion to strike **(ECF No. 126) is DENIED as moot.**

I FURTHER ORDER that plaintiff Rafford Broadnax's objections to Magistrate Judge Weksler's order **(ECF No. 133) are OVERRULED.**

I FURTHER ORDER that defendant Lyft, Inc.'s motion for sanctions **(ECF No. 105) is DENIED**.

I FURTHER ORDER that the defendant's motions to extend time **(ECF Nos. 98, 99, 115) are GRANTED**.

DATED this 26th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

6