**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAFFORD BROADNAX,<br>Plaintiff<br>v.<br>LYFT, INC., et al.,<br>Defendants | Case No.: 2:25-cv-00190-APG-BNW<br>**Order for Supplemental Briefs**<br>[ECF No. 168] |

Rafford Broadnax moves to lift the stay in this case based on the Supreme Court's recent decision in *Flowers Foods, Inc. v. Brock*, 608 U.S. 380 (2026). ECF No. 168. Lyft responds that I have no authority to address the motion because I have already referred this matter to arbitration. ECF No. 177 at 4-5. But I am allowed to reconsider my prior orders, especially if there is a change in controlling law. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (emphasis and quotation omitted)); Local Rule 59-1(a) ("The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if . . . there is an intervening change in controlling law.").

Lyft does not address the key question Broadnax raises in his motion: whether *Flowers Foods* exempts Broadnax from the Federal Arbitration Act as a worker engaged in interstate commerce. Lyft states that "the arbitrator held that *Flowers Foods* is a case about goods in transit, that people are not goods, and that the current case is about passengers." ECF No. 177 at

3 n.1. But the transportation of people between states can constitute interstate commerce. *See Flowers Foods*, 608 U.S. at 385–86 (citing Black's Law Dictionary's definition of "interstate commerce" to include "the transportation of persons or property between or among the several states of the Union"); *United States v. Sirois*, 87 F.3d 34, 40 (2d Cir. 1996) ("It is well-established that Congress can regulate activities that involve interstate or international transportation of goods and people, regardless of whether the transportation is motivated by a commercial purpose." (simplified)); *cf. Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 861 (9th Cir. 2021) ("When deciding whether the exemption applies, the critical factor [is] not the nature of the item transported in interstate commerce (person or good) . . . , but rather [t]he nature of the business for which a class of workers perform[ed] their activities." (simplified)).

I will allow Lyft to file a supplemental brief addressing whether *Flowers Foods* (1) applies to this case and (2) provides Broadnax an exemption from the Federal Arbitration Act as a worker engaged in interstate commerce.

I THEREFORE ORDER Lyft to file a supplemental opposition to Broadnax's motion to lift the stay by October 23, 2026. Broadnax may file a supplemental reply by October 30, 2026.

DATED this 13th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE